**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| LIONEL GIBSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 2:17-CV-144 RL |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on the amended petition under 28 U.S.C. Paragraph 2254 and 2241 for Writ of Habeas Corpus filed by Lionel Gibson, a prisoner without a lawyer, on June 6, 2017. ECF 5. For the reasons set forth below, the Court **DENIES** habeas corpus relief pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to close this case.

**DISCUSSION**

Gibson's amended habeas corpus petition attempts to challenge his conviction and 90 year sentence for murder and attempted murder by the Lake County Superior Court in case 46G03-9703-CF-00043 on January 8, 1999. ECF 5.

1

Habeas Corpus petitions are subject to a strict one year statute of limitations.[1] There are four possible dates from which the limitation period can begin to run. Nothing in this response - nor anything else in the petition - indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Thus the limitation period began

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of the time for filing a direct appeal. In this case, Gibson took a direct appeal to the Court of Appeals of Indiana which affirmed his conviction on February 29, 2000. ECF 5 at 1. He did not petition for transfer to the Indiana Supreme Court and his time to do so expired March 30, 2000. *See* Ind. R. App. P. 57(C). The last day Gibson had to file a timely habeas corpus petition in federal court was March 30, 2001. However, his original petition was not signed until March 28, 2017. Thus, it is 16 years late.

In response to question 9 (which asked him to explain why the petition is timely), Gibson argues that his petition is timely because he filed the petition within one year of the Indiana Supreme Court's denial of his petition to transfer his "Motion to Correct Erroneous Sentence." ECF 5 at 2, 8. On April 6, 2006, Gibson filed a post-conviction relief petition with the State court. ECF 5 at 2. This petition was denied on August 6, 2008. *Id.* He did not appeal. *Id.* He then filed a "Motion to Correct Erroneous Sentence" with the trial court on December 10, 2015. After his motion was denied by the trial court and court of appeals, Gibson sought to transfer to the Indiana Supreme Court. *Id.* The Indiana Supreme Court denied transfer on November 3, 2016. *Id.* However, by the time Gibson filed his post-conviction relief petition, his limitations period to file in federal court had already expired.

Once the limitations period expired, filing another post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Pursuant to Section 2254 Habeas Corpus Rule 11, a court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging Gibson to proceed further. Thus a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** habeas corpus relief pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave

to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to close this case.

**DATED: August 3, 2017**     <u>**/s/RUDY LOZANO, Judge**</u>
                              **United States District Court**